UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AVALONBAY COMMUNITIES, INC., and
WESMONT STATION RESIDENTIAL I
URBAN RENEWAL LLC,

    *Plaintiffs*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

Civil Action No. 2:20-9167

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Plaintiffs' unopposed motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). D.E. 8. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiffs' motion is **DENIED without prejudice**.

**I.    FACTS AND PROCEDURAL HISTORY**[1]

Plaintiff AvalonBay Communities, Inc. ("Avalon") entered into an agreement with Planned Building Services in October 2012, pursuant to which Planned Building Services would provide

---

[1] The facts of this matter derive from the Complaint ("Compl."), D.E. 1, which the Court accepts as true for purposes of this motion for default judgment. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011).

janitorial and cleaning services of common areas, including the lobby.[2]  Compl. ¶¶ 9-10.  One provision of the agreement "requires Planned Building Services to procure insurance naming [Avalon], its subsidiaries and affiliates as an additional insured party, and that this insurance will be primary over any other valid and collectible insurance available to [Avalon] and its subsidiaries and affiliates."  *Id.* ¶ 15.  A separate section of the agreement "requires Planned Building Services to procure General Liability Coverage with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate."  *Id.* ¶ 16.  And a third provision requires Planned Building Services to indemnify Avalon

> from all loss, damage and expenses sustained . . . and from all claims, liability and expense suffered by it by reason of any property damage including loss of use hereof, infringement of rights (including patent and trademark rights), personal injury or other claim or action brought by any other person, firm or corporation that results from the purchase, sale, or use of any of the goods, products or services referred to in this Agreement.

*Id.* ¶ 17.

Defendant Aspen Specialty Insurance Company ("Aspen") issued Policy No. CRM004MM16 to Planned Building Services for the period of September 1, 2016 to September 1, 2017.  *Id.* ¶ 18.  Plaintiffs indicate that, upon information and belief, this insurance policy "contains an Additional Insured Endorsement extending additional insured coverage to any organization as required by written contract," and "includes an Endorsement that extend Primary and Non-Contributory Coverage to additional insureds when Planned Building Services has agreed to provide such coverage in a contract or agreement."  *Id.* ¶¶ 19-20.

---

[2] Plaintiffs do not provide any information about Avalon's business.  Reading the Complaint as a whole, it appears that Avalon owns and/or manages apartment buildings and that the agreement with Planned Building Services was to clean an apartment building.

On or about May 1, 2017, Michael Chung was "lawfully on the premises located at or near 300 Avalon Drive in the Borough of Wood Ridge, Bergen County, New Jersey," and was injured when he slipped and fell. *Id.* ¶ 8. On or around January 24, 2019, Chung filed a personal injury lawsuit against Avalon, which was later amended to add Planned Building Services as a defendant. *Id.* "On or about March 21, 2019, Broadspire[3] sent a letter on behalf of Avalon to Planned Building Services and its insurer, Aspen, requesting additional insured coverage, defense and indemnification for Avalon for the Chung Claim." *Id.* ¶ 21. Later, on or about May 14, 2019, Avalon's counsel "tendered to Aspen's insured Planned Building Services for both contractual indemnification and additional coverage on the Aspen Policy." *Id.* ¶ 22. As of the date of the Complaint, Aspen had failed to respond to these letters. *Id.* ¶ 23.

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits

---

[3] The Complaint does not identify who or what "Broadspire" is.

whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### III. ANALYSIS

#### a. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (internal quotation omitted)). Turning first to subject-matter jurisdiction, Plaintiffs submit that this case is properly before the Court based on diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that a district court has diversity jurisdiction when: (1) the dispute is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Additionally, Rule 8(a) requires that a plaintiff's pleading provide "a short and plain statement of

4

the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiffs have failed to adequately plead that this Court has diversity jurisdiction. While Plaintiffs have adequately pled that the amount in controversy requirement is satisfied, the Complaint fails to satisfy the complete diversity requirement.

The Complaint indicates that Plaintiff Avalon is a Maryland corporation with its principal place of business in Virginia, Plaintiff Wesmont is a Delaware LLC with its principal place of business in Virginia, and Defendant Aspen is a North Dakota corporation with its principal place of business in Connecticut. Compl. ¶¶ 2-4. Thus, it is clear from the Complaint that Avalon is a citizen of Maryland and Virginia and Aspen is a citizen of North Dakota and Connecticut. However, Plaintiffs do not provide any information about the citizenship of the members of Wesmont – an LLC – for the Court to determine its citizenship for purposes of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (explaining that for purposes of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of its members."). As a result, the Court is unable to conclude that it has subject-matter jurisdiction over this matter and Plaintiffs' motion for default judgment is dismissed without prejudice.

### b. Other Deficiencies

Plaintiffs' motion for default judgment suffers from additional deficiencies.

First, the Complaint does not allege sufficient facts from which this Court could conclude it has general or specific personal jurisdiction over Defendant Aspen. As previously stated, the Complaint indicates that Aspen is a North Dakota corporation with a principal place of business in Connecticut. "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct.

5

746, 760 (2014) (alteration in original) (internal quotation omitted). Thus, this Court lacks general personal jurisdiction over Aspen.

As for specific jurisdiction, the Complaint fails to plausibly allege facts to support such a finding. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Courts employ a three-part inquiry to determine whether specific personal jurisdiction exists. *Ross Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032, at *5 (D.N.J. Jan. 2, 2014). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Second, the plaintiff's claim must 'arise out of or relate to' at least one of those specific activities." *Id.* (quoting *Helicopteros*, 466 U.S. at 414). "Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (alteration in original) (quoting *Burger King*, 471 U.S. at 476)). Here, the only allegation arguably concerning Aspen's connection to New Jersey is that "[t]his is a case or controversy involving an insurance policy that was either issued in this judicial district or had covered risks in this judicial district." Compl. ¶ 7. This bare allegation is insufficient to sufficiently demonstrate specific jurisdiction.

Second, Plaintiffs' moving papers do not discuss the sufficiency of their causes of action. The Complaint seeks "a declaratory judgment that Aspen is obligated to provide defense and indemnity coverage on a primary basis to Avalon as an additional insured" for a lawsuit pending in the Superior Court of New Jersey, entitled *Michael Chung v. AvalonBay Communities, Inc., Wesmont Station Residential I Urban Renewal, LLC, Planned Building Services, Inc., et al.*, Case

6

No. BER-L-1735-19. Compl. ¶ 1. Count One seeks a declaratory judgment that Aspen owes defense coverage to Avalon and Count Two seeks a declaratory judgment that Aspen owes indemnity coverage to Avalon. Additionally, Plaintiffs seek a declaration on both Counts that Aspen owes coverage to Plaintiffs on a primary and non-contributory basis. Neither Plaintiffs' moving papers, nor the Complaint, provide or analyze these underlying causes of action.

## IV. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 13th day of May, 2021

**ORDERED** that Plaintiffs' motion for default judgment, D.E. 8, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiffs are granted leave to cure the noted deficiencies within 30 days.

John Michael Vazquez, U.S.D.J.